38990. FAITH *et al.* v. MASSENGILL.

DECIDED SEPTEMBER 6, 1961.

*Hardin, McCamy, Minor & Vining, Carlton McCamy,* for plaintiffs in error.

*Mitchell & Mitchell, D. W. Mitchell, Jr.,* contra.

JORDAN, Judge. ■ ■ It is the contention of counsel for the minor defendant that as a matter of law an eight year old child cannot be guilty of actionable, primary negligence; and that, accordingly, the plaintiff's petition as to this defendant failed to state a cause of action. Counsel, however, has cited no cases in support of this contention; and we have been unable to find any in the reported cases of the appellate courts of this State or of other jurisdictions.

Both this court and the Supreme Court, on numerous occasions, have decided the question of whether or not a child of tender years is chargeable with contributory negligence in avoiding consequences of another's negligence. In *McLarty v. Southern Ry. Co.*, 127 Ga. 161, 162 (56 SE 297), it was held that: "The care and diligence required of an infant of tender years is not fixed by any invariable rule with reference to the age of the infant or otherwise. It depends upon the capacity of the particular infant, taking into consideration his age as well as other matters. These are all questions for determination by the jury. See 3 Michie's Dig. 559 (aa), 561 (cc) and cit.; *Manchester Mfg. Co. v. Polk*, 115 Ga. 542, 545. In each case it is to be determined whether an infant of the age and capacity of the one in question would, under the circumstances of the case, be chargeable with negligence on account of his conduct at the time of the transaction under investigation."

Courts of this State have consistently held, however, that a child of six years of age and under could not as a matter of law be guilty of contributory negligence. *Red Top Cab Co. v. Cochran*, 100 Ga. App. 707 (112 SE2d 229); *Riggs v. Watson*, 77 Ga. App. 62 (47 SE2d 900) (child of age, 5 years, 2 months, 25 days); *Anthony v. Dutton*, 73 Ga. App. 389 (36 SE2d 836) (4½ years); *Crawford v. Southern Ry. Co.*, 106 Ga. 870 (33 SE 826) (4½ years); *Christian v. Smith*, 78 Ga. App. 603 (51 SE2d 857) (5 years). The courts have also consistently held that as to a child over seven years old it is a question for the jury. *Mayor &c. of Madison v. Thomas*, 130 Ga. 153 (3) (60 SE 461) (7½ year old child); *Huckabee v. Grace*, 48 Ga. App. 621 (173 SE 744) (8 year old child); *Savannah, Fla. &c. Ry. Co. v. Smith*, 93 Ga. 742 (21 SE 157) (9 year old child). As to a child seven years of age there exists some conflict of authority. In *Harris v. Combs*, 96 Ga. App. 638, 643 (101 SE2d 144), it was held that a seven year old child was too young to be guilty of contributory negligence. However, in the earlier cases of *Cohn v. Buhler*, 30 Ga. App. 14 (116 SE 864); *Simmons v. Atlanta & W. P. R. Co.*, 46 Ga. App. 93 (166 SE 666); and *Augusta Amusements, Inc. v. Powell*, 93 Ga. App. 752 (92 SE2d 720), it was held that a jury question as to the due care to be exercised by a seven year old child was presented.

Thus, it seems well established in this State that it would be a question for the jury's determination as to whether an eight year old child, the age of the present defendant, could be guilty of contributory negligence in regard to the transaction under investigation. It is contended by counsel for the defendant that it might be argued with logic that because of the early development of the instinct for self preservation a child becomes capable of contributory negligence before he has the ability to make the more sound judgment as to the likelihood that another will be harmed by his conduct. It appears, however, that the courts of other jurisdictions have taken the view that the same tests should be applied in determining both primary and contributory negligence. See Annotations, 67 A.L.R. 2d 570; 174 A.L.R. 1170; 173 A.L.R. 890; 73 A.L.R. 1277; 27 Am. Jur. 813, Infants, § 91.

In the absence of any authority in this jurisdiction with reference to the question of the primary negligence of a child of tender years and being unable to ascertain any sound or legally justifiable reasons for applying a different standard with respect to primary negligence than that applied to contributory negligence, we do not think that it can be said that a child of eight years of age is as a matter of law incapable of being guilty of primary negligence. Accordingly, the instant petition stated a cause of action against the infant defendant, it being a question for the jury to determine whether this defendant was of an age capable of exercising some degree of care, what degree of care was required of him, and if he violated that degree of care in respect to his conduct in the matter under investigation. See *Code* § 105-204.

■ Since under *Code* § 26-302 an infant under the age of 10 years shall not be considered or found guilty of any crime or misdemeanor, we do not think the violation of a penal ordinance of the city of Dalton, Georgia, prohibiting the discharge of air rifles within the vicinity of said municipality by this eight year old defendant, can be considered as an act of negligence per se. Accordingly, the trial judge erred in overruling the demurrers to paragraph 48 of the petition and in refusing to strike the same from the amended petition.

■

■ ■ The instant petition which alleges that the defendant Harold E. Faith was negligent in furnishing the air rifle to his son who was inexperienced in handling weapons of such character and in making the gun accessible to the child and in allowing him to shoot it in a residential section unsupervised by the father or any other mature person, clearly stated a cause of action against the father for his original negligence in procuring and furnishing to a minor of eight years of age this instrumentality. Accordingly, the trial court did not err in overruling the general demurrer of this defendant.

■ Nor did the trial court err in overruling the demurrer to paragraph 49 of the petition as applied to this defendant. This paragraph set forth an ordinance of the city of Dalton making it unlawful for any parent having custody of any child under 12 years of age to permit such child to have in his possession any air-rifle or "BB" gun within the corporate limits of said municipality, and alleged that the violation of same was negligence per se. We think it clear that this ordinance was enacted for the purpose of protecting the person and property of the inhabitants of that community and that accordingly a violation of same may constitute negligence per se. *Huckabee v. Grace*, 48 Ga. App. 621, supra.

■ Under *Code* § 49-102 the father, if alive, is the natural guardian of his minor child and as such is entitled to its custody and management. *Taylor v. Jeter*, 33 Ga. 195 (81 AD 202); *Lamar v. Harris*, 117 Ga. 993 (44 SE 866); *Williman v. Williman*, 138 Ga. 188 (74 SE 1077). Under the allegations of the instant petition it was the father who procured the "BB" gun and furnished it to his minor child for his use. Whatever moral right the mother may have had to voice the claims of motherhood and protest this action, it is our opinion that there was no legal duty devolving upon her, generally, to oppose her husband's will and prevent the use of this gun by her son. The proper regard for the sanctity of the parental relation demands this finding. The mother is not chargeable with the negligence of the father merely because of the conjugal relation existing between them. Nor is the mother negligent in simply failing to keep a constant and unremitting watch and restraint over her children. See *Atlanta*

*& Charlotte Airline Ry. Co. v. Gravitt,* 93 Ga. 369 (20 SE 550, 26 LRA 553, 44 ASR 145).

Accordingly, it is our opinion that neither the allegations of the petition which aver generally that the mother was negligent in permitting the use of the gun and its easy accessibility to her son nor the allegations which contend that the mother was negligent in remaining in the house and leaving her son unsupervised while in the yard and in failing to determine that the son had possession of the gun and was firing it, in the absence of allegations of knowledge of the actual circumstances on the part of the mother, stated a cause of action against the mother. Nor do we think that the ordinance enumerated in division 2 had application to the mother since the father was the parent having the custody and control over the minor son.

Accordingly, the trial judge erred in overruling the demurrers of this defendant to the petition.

*Judgment affirmed in part and reversed in part. Townsend, P. J., and Frankum, J., concur.*