### 43309.   SAGNIBENE et al., Executors v. STATE WHOLESALERS, INC. et al.

ARGUED JANUARY 10, 1968—DECIDED JANUARY 29, 1968—
REHEARING DENIED FEBRUARY 14, 1968—CERT.

*Adams, O'Neal, Steele, Thornton & Hemingway, Robert S. Slocumb,* for appellants.

*Jones, Sparks, Benton & Cork, Edward L. Benton, Willis B. Sparks, III, Martin, Snow, Grant & Napier, Cubbedge Snow, Carr Dodson,* for appellees.

BELL, Presiding Judge. Recovery against a parent for an injury committed by his minor child has been allowed in a number of cases where the parent negligently furnished, or permitted the child access to an instrumentality with which the child likely would injure a third person. Thus the parent was held liable in *Davis v. Gavalas,* 37 Ga. App. 242 (139 SE 577) (velocipede); *Milton Bradley Co. v. Cooper,* 79 Ga. App. 302 (53 SE2d 761) (firecrackers); *Faith v. Massengill,* 104 Ga. App. 348 (121 SE2d 657) (BB gun); *Herrin v. Lamar,* 106 Ga. App. 91 (126 SE2d 454) (riding rotary lawn mower); *Glean v. Smith,* 116 Ga. App. 111 (156 SE2d 507) (pistol); and *McBerry v. Ivie,* 116 Ga. App. 808 (159 SE2d 108) (shotgun). In cases where the parent has furnished or permitted the child access to an instrumentality, the question is whether the facts of the case impose on the parent a duty to anticipate injury to another through use of the instrumentality. *Chester v. Evans,* 115 Ga. App. 46, 49 (153 SE2d 583). Compare, *Assurance Co. of America v. Bell,* 108 Ga. App. 766, 772 (4) (134 SE2d 540). But the mere fact that the child escapes the supervision of a parent and the parent knows that harm is likely to result from the absence of parental supervision is not sufficient to allege actionable negligence. *Assurance Co. of America v. Bell,* supra. And the parent is not liable under the test stated in the *Chester* and *Bell* cases where the parent was not negligent in creating the risk in the first instance.

As a general rule, liability of a parent for an injury committed by his child is governed by the ordinary principles of liability of a principal for the acts of his agent, or a master for his servant. *Chastain v. Johns,* 120 Ga. 977, 978 (48 SE 343, 77 LRA 958); *Stanford v. Smith,* 173 Ga. 165-168 (159 SE 666); *Hulsey v. Hightower,* 44 Ga. App. 455, 458 (161 SE 664). "A father is not liable for the tort of a minor child, with which he was in no way connected, which he did not ratify, and from which he did not derive any benefit, merely because of the relationship of parent and child." *Griffin v. Russell,* 144 Ga. 275, 277 (87 SE 10, LRA 1916F 216, AC 1917D 994); *Yancey v. Munda,* 93 Ga. App. 230 (1) (91 SE2d 204). The general rule still obtains except as modified by an Act of 1966 (Ga. L. 1966, p. 424; *Code Ann.* § 105-113). This Act, however, is not applicable here as the

child, being only four years old, was not capable of committing a wilful and wanton act. See *Code* §§ 26-302, 105-1806.

In applying the foregoing principles on general demurrer, the petition must be construed most strongly against the pleader; it will be construed in the light of its omissions as well as its averments. *Mackler v. Lahman,* 196 Ga. 535, 537 (27 SE2d 35) ; *Toler v. Goodin,* 200 Ga. 527, 534 (37 SE2d 609). The pleader's failure to allege essential facts and his reliance on allegations that fall short of essential facts will be construed to import the absence of those facts. *Hulsey v. Interstate Life &c. Co.,* 207 Ga. 167, 170 (60 SE2d 353) ; *Sterling Materials Co. v. McKinley,* 218 Ga. 574 (1) (129 SE2d 770) ; *Covil v. Robert & Co. Associates,* 112 Ga. App. 163, 169 (144 SE2d 450).

The allegations that "The loaded pistol was plainly visible to the child and defendant Chanin" fails to show that Chanin actually saw it while approaching with the child. And the allegation that "Defendant Chanin had previously on another occasion picked up the loaded pistol, inspected it and placed it back at the same place, from which his child on this occasion picked it up" fails to show that Chanin knew or should have known the pistol was regularly kept in that location and that it was there when he brought the child into the store. Thus the pleaded facts, under applicable rules of construction, negate any negligence of Chanin in the creation of the risk. The petition therefore does not state a cause of action against him.

While the petition also contends that Chanin was negligent in failing to take positive action to prevent the injury after the risk was discovered, the general rule as to parental liability prevents a recovery on that theory of negligence, the allegations not showing that Chanin was guilty of negligence in the creation of the risk. If he was under a duty at that point, it was a moral duty to act to prevent the injury and not a legal one.

We wish to distinguish *Skelton v. Gambrell,* 80 Ga. App. 880 (57 SE2d 694) and *Bell v. Adams,* 111 Ga. App. 819 (143 SE2d 413). In those cases recovery was denied because it appeared that the proximate cause of the injury was the intervening independent criminal act of the minor, which could not reasonably have been foreseen by the parent. Here the minor was of such tender years that he was not capax doli.

The trial court did not err in sustaining the general demurrers of both· defendants.

*Judgment affirmed. Hall and Quillian, JJ., concur.*