48491. SHAW et al. v. BUICE et al.

PANNELL, Judge. Plaintiffs, a mother and the mother as next friend of her minor son, sued Steve Harold Ross and his father, Harold F. Ross, and Jimmy Buice and his father, William Buice for injuries sustained when Donald Ralph Shaw was struck with shotgun pellets discharged from a shotgun held by defendant, Steve Harold Ross. Motions for summary judgments were granted as to William Buice and Jimmy Buice, and plaintiffs appeal.

On October 3, 1972, about 2:00 p.m., Donald Shaw and a friend, both aged 12, were passing a football between them in the yard of the Buice home. Jimmy Buice and his friend, Steve Ross, both 15 years old, were assembling the necessary equipment to go fishing. Jimmy Buice obtained a 20 gauge shotgun from a closet in the house and brought it outside to take with them as protection against snakes. The weapon was a single shot, bolt operated weapon. When the hammer was depressed, the weapon was on safe. The hammer had to be pulled back to cock and fire

the weapon. The shotgun belonged to Jimmy's older brother who lived alone in a trailer on the Buice property. Jimmy had borrowed it about a week earlier and failed to return it. Jimmy's father, William Buice knew that the gun was back in the house, but did nothing. Jimmy was required to keep all guns in the house unloaded and to ask for permission before using a gun. Jimmy did not seek permission because nobody was at home. However, Mr. Buice deposed that he returned home just before the incident, spoke to the boys who volunteered that they were going fishing, he did not see the gun and no permission to use a gun was sought.

Following Jimmy's production of the weapon, Steve Ross picked it up to examine it. He broke the barrel down and noted that it was empty. Subsequently, Jimmy Buice surreptitiously loaded the weapon. He then remembered that they needed bait. He laid the gun, with its hammer depressed, on the steps and entered the house to get some bread. He did not advise Steve that the weapon was loaded or caution him not to touch the weapon. At this time, Donald Shaw was chasing the football in some bushes in the yard. According to Donald's version, he saw Steve Ross deliberately aiming the gun at him before it was fired. Steve's version was that he saw Donald in front of the gun, which was lying on the fourth porch step, and, based on his gun training, had called out to him to move away from the front of the muzzle of the gun. When Donald did not react, Steve grabbed the gun with both hands to move it when it discharged, striking Donald and causing multiple birdshot penetrations of his body. *Held:*

1. The deposition testimony of Jimmy Buice and Steve Ross are clearly in conflict and present questions of fact for a jury to decide. *Mathis v. R. H. Smallings & Sons, Inc.,* 125 Ga. App. 810 (189 SE2d 122). The court erred in its judgment granting the motion for summary judgment as to Jimmy Buice.

2. The liability of a parent for tortious acts of a minor child in Georgia is controlled by the common law. *Corley v. Lewless,* 227 Ga. 745 (182 SE2d 766). Thereunder, no liability in damages exists solely because of a parent-child relationship. However, if the parent participated in the minor's tort, or through negligence caused or permitted the tort to occur, or if some other relationship such as principal and agent, or master and servant attaches, then liability ensues. Recovery has been permitted where there was some parental negligence in furnishing or permitting a child access to an instrumentality with which the

child likely would injure a third party. *Faith v. Massengill,* 104 Ga. App. 348 (121 SE2d 657); *Glean v. Smith,* 116 Ga. App. 111 (156 SE2d 507); *McBerry v. Ivie,* 116 Ga. App. 808 (159 SE2d 108). The question generally requiring resolution is whether the facts of a particular case impose a duty on the parent to anticipate injury to another through the child's use of the instrumentality. *Sagnibene v. State Wholesalers, Inc.,* 117 Ga. App. 239 (160 SE2d 274).

In the instant case, the evidence reflects that Mr. Buice had instructed his son on the handling of firearms, had cautioned him to keep the shotgun, unloaded, in the closet, and to ask for permission to use it. He had no knowledge that his instructions had ever been disobeyed and he did not see the weapon in possession of either of the boys. While there is conflict in the testimony of the father and son as to whether the former was at home that day, both are in complete accord that Jimmy was not to use the weapon without permission and no such request was made, which are material issues. The contradictory statements concern an immaterial matter. The most that can be said about the case against the father is that he knew the shotgun was in a closet in his house for about a week prior to the incident. We are satisfied that it is quite clear what the truth is and that any real doubt as to the existence of any genuine issue of material fact has been excluded. *Raven v. Dodd's Auto Sales & Service, Inc.,* 117 Ga. App. 416 (160 SE2d 633). The court did not err in its judgment granting the motion for summary judgment as to William Buice.

*Judgment affirmed in part; reversed in part. Eberhardt, P. J., and Stolz, J., concur.*

Argued September 5, 1973 — Decided January 29, 1974 — Rehearing denied February 13, 1974 —

*Sacker & Magner, John E. Sacker, Jr., Edward J. Magner,* for appellants.

*Greer, Pollock & Klosik, Richard G. Greer,* for appellees.