49153. SUMMEROUR v. SUMMEROUR et al.

EBERHARDT, Presiding Judge.

Earl Summerour filed suit against Herbert Summerour, a minor, and Paul and Artie Mae Sum-

merour, his parents, seeking to recover for injuries sustained on August 28, 1972, when the minor shot plaintiff in the throat with a .410 gauge shotgun. The parents were sought to be held liable on the basis that they were negligent in giving the shotgun to the minor and in failing to supervise his use of it. Paul Summerour, the father, appeals from the denial of his motion for summary judgment with a certificate for immediate review.

It is not disputed that appellant and Artie Mae were separated in May, 1970 and were still living separate and apart with divorce proceedings pending on the date of the shooting; that Artie Mae had actual custody of the seventeen-year-old minor at all times subsequent to the separation, and that the minor resided with her; and that the shotgun was paid for, owned, and controlled exclusively by Artie Mae, who purchased it for her own safety and protection. In his affidavit appellant states that he had no knowledge of the shotgun until after the shooting; however, in a counter-affidavit, plaintiff states that subsequent to being shot he had a conversation with appellant who told him that the shotgun was a Christmas gift to the minor from Artie Mae, and that appellant told Artie Mae at the time that the minor would get in trouble with it. *Held:*

1. "The father, if alive, unless otherwise provided herein, is the natural guardian; if the father is dead or *if the father is not domiciled with the mother, the parent having custody of the child is the natural guardian.*" Code Ann. § 49-102. (Emphasis supplied.)

2. This case is controlled by the holding in *Faith v. Massengill:* "Under Code § 49-102 the father, if alive, is the natural guardian of his minor child and as such is entitled to its custody and management. *Taylor v. Jeter,* 33 Ga. 195 (81 AD 202); *Lamar v. Harris,* 117 Ga. 993 (44 SE 866); *Williman v. Williman,* 138 Ga. 188 (74 SE 1077). Under the allegations of the instant petition it was the father who procured the 'BB' gun and furnished it to his minor child for his use. Whatever moral right the mother may have had to voice the claims of motherhood and protest this action, it is our opinion that there was no legal duty devolving upon her, generally, to oppose her husband's will and prevent the use of this gun by her son.

The proper regard for the sanctity of the parental relation demands this finding. The mother is not chargeable with the negligence of the father merely because of the conjugal relation existing between them. Nor is the mother negligent in simply failing to keep a constant and unremitting watch and restraint over her children. See *Atlanta & Charlotte Airline R. Co. v. Gravitt,* 93 Ga. 369 (20 SE 550, 26 LRA 553, 44 ASR 145)." *Faith v. Massengill,* 104 Ga. App. 348, 354 (3) (121 SE2d 657) (overruled on other grounds, 124 Ga. App. 858). See also *Corley v. Lewless,* 227 Ga. 745 (182 SE2d 766).

3. Appellant here did not own the gun or have any control over it, and did not furnish it to the son. Accordingly no legal duty devolved upon him to oppose the will of Artie Mae, the parent with custody and the natural guardian here, and to prevent the use of the shotgun by the son. At the most he owed the duty of disapproving of it and warning her of danger, which he fulfilled by telling her "that Herbert would get in trouble with the shotgun." Hence the judgment must be reversed.

*Judgment reversed. Pannell and Evans, JJ., concur.*

Submitted March 6, 1974 — Decided April 1, 1974.

*Johnson & Jones, Albert E. Jones,* for appellant.
*Richard L. Powell,* for appellees.