### 49828. SCARBORO et al. v. LAUK et al.

PANNELL, Presiding Judge.

This case is before this court on a joint appeal by the appellant plaintiffs from the grant of summary judgments in favor of the defendants in two actions. One action was by Samuel Jackson Scarboro, the father of an injured son, seeking recovery of hospital and medical bills incurred by him in behalf of the injured son, Forester David Scarboro, brought against a young boy, alleged to have thrown a rock which caused the injury, and his father. The other suit was by the injured boy, through his father as next friend, against the same parties defendant. The theory on which recovery was sought is shown by the pleading in each case, which alleged: "That on or about 2:00 p.m. on March 4, 1972, defendant, Renee Lauk,

wilfully and wantonly threw rocks at plaintiff's son with malice and with intent to injure plaintiff. That defendant Renee Lauk had previously thrown rocks at this plaintiff's son and at other individuals with intent to injure said persons and defendant Frank W. Lauk had knowledge of the dangerous course of conduct of defendant Renee Lauk. That despite knowledge of defendant Frank W. Lauk of the dangerous course of conduct of his son, defendant Renee Lauk, Frank W. Lauk negligently failed to exercise appropriate control over his said son so as to prevent injury to third persons." The thrown rock caused the plaintiff's son to lose the sight of one eye. Upon the hearing on the motion for summary judgment the evidence showed without conflict that the defendant, Renee Lauk was six years old at the time of the occurrence and that he threw the rock that injured Forester Scarboro; that neither Frank Lauk nor his wife knew of any previous occurrence of rock throwing or similar activity on the part of their son, Renee, although there was testimony of a baby sitter that she had told Mrs. Lauk that an older son of theirs had engaged in shooting a pellet gun at a neighbor's dog. Mrs. Lauk did not recall the conversation. Also, the baby sitter testified Mrs. Lauk had told her it would not be necessary to "watch" the children when they were outside, while Mrs. Lauk, in answer to a question as to what instructions she had given the sitter "with regard to the supervision of the children while they were outside of the house," replied "to watch them" and "[s]he was hired to watch the children and take care of them." Appellants contend that this evidence created a question of credibility of the witness, Mrs. Lauk, and that for this reason a summary judgment was improper. The evidence was in conflict as to which group of boys, the one containing Renee, or the one containing Forester, started the rock throwing. Renee denied his intention to hit anyone. *Held:*

1. The defendant child being six years of age at the time of the alleged tort was, as a matter of law, not liable therefor even though wilful. Code § 105-1806; *Brady v. Lewless,* 124 Ga. App. 858 (186 SE2d 310); *Hatch v. O'Neill,* 231 Ga. 446 (202 SE2d 44). There was no error

in granting summary judgment to the defendant child in both actions.

2. " 'Under the common law, traditionally, parents were not liable in damages for the consequences of the torts of their minor children solely because of the existence of the parent-child relationship. Unless the parent participated in the minor's tort, or through negligence caused or permitted the tort to occur, courts often absolved parents from liability, unless some other relationship, such as that of principal and agent, or master and servant, existed between parent and child.' 8 ALR3d 614, Parent and Child, § 1[a]. The decisions of this court and of the Court of Appeals have been in accord with these common law principles. The rule enunciated in Georgia is that the liability of a parent for an injury committed by his child is governed by the ordinary principles of liability of a principal for the acts of his agent, or a master for his servant. Code § 105-108. *Chastain v. Johns,* 120 Ga. 977 (48 SE 343, 66 LRA 958); *Stanford v. Smith,* 173 Ga. 165-168 (159 SE 666); *Hulsey v. Hightower,* 44 Ga. App. 455, 458 (161 SE 664). Recovery has been permitted where there was some parental negligence in furnishing or permitting a child access to an instrumentality with which the child likely would injure a third party. *Davis v. Gavalas,* 37 Ga. App. 242 (139 SE 577) (velocipede); *Faith v. Massengill,* 104 Ga. App. 348 (121 SE2d 657) (BB gun); *Herrin v. Lamar,* 106 Ga. App. 91 (126 SE2d 454) (rotary lawnmower); *Glean v. Smith,* 116 Ga. App. 111 (156 SE2d 507) (pistol); *McBerry v. Ivie,* 116 Ga. App. 808 (159 SE2d 108) (shotgun). In cases of this sort the question is whether the facts of the case impose upon the parent a duty to anticipate injury to another through the child's use of the instrumentality. *Sagnibene v. State Wholesalers,* 117 Ga. App. 239 (160 SE2d 274); *Chester v. Evans,* 115 Ga. App. 46, 49 (153 SE2d 583). In all the above cited cases, causes of action against the parents of minor tortfeasors are rooted in the common law and are predicated on something more than the mere parent-child relationship." *Corley v. Lewless,* 227 Ga. 745, 747 (182 SE2d 766).

3. Failure to keep an "unremitting watch and re-

straint" over children in their own yard in the absence of knowledge of facts and circumstances requiring such action is not negligence. See, *Faith v. Massengill,* 104 Ga. App. 348, 355 (121 SE2d 657). It is undisputed in the present case, and affirmatively shown, there was no knowledge of such facts and circumstances on the part of the defendant father, or the mother, or the sitter. That there may have been knowledge on the part of the mother and sitter that an older brother of the defendant child had shot a pellet rifle at a dog in another person's yard is neither pertinent nor material to the rock throwing of the younger defendant child here, as no relationship whatsoever appears between the two acts under the evidence in the present case.

4. It thus appears that the "discrepancy" between the testimony of the sitter and the mother were as to matters neither relevant nor material to the cause of action attempted to be asserted in the present case. The conflict, therefore, not being as to material matters does not create such conflict as would present a matter of credibility for a jury determination. See, *Daniels v. Luton,* 40 Ga. App. 741 (1) (151 SE 659); *Bryant v. State,* 191 Ga. 686 (2) (13 SE2d 820); *Grant v. Hart,* 197 Ga. 662 (7) (30 SE2d 271); *Benefield v. Malone,* 112 Ga. App. 408, 411 (145 SE2d 732).

5. The trial judge did not err in granting summary judgment in favor of the defendant father in both actions.

*Judgment affirmed. Evans and Webb, JJ., concur.*

Argued October 3, 1974 — Decided November 19, 1974.

*Westmoreland, Hall, McGee & Warner, J. M. Crawford, Wm. Terry Pickren,* for appellants.

*Savell, Williams, Cox & Angel, Edward L. Savell, William S. Goodman,* for appellees.