49897. HATCH et al. v. O'NEILL et al.

STOLZ, Judge.

Plaintiff, a six-year-old boy, was injured when struck in the eye by a missile propelled from a hunting slingshot being used by defendant's nine-year-old son while the two boys were on the premises of John K. and Betty R. Downs. The hunting slingshot had been purchased by Mr. Downs for his eight-year-old son, and was being used by the defendant's son with the permission of Betty R. Downs. Plaintiff's allegations of negligence may be summarized as follows: (1) failing to act to correct "dangerous propensities" in her son which were known to defendant, and (2) failing to instruct her son not to play with the hunting slingshot or at least ascertaining under what

conditions children would be allowed to use it.

The trial judge granted the defendant mother's motion for summary judgment. Plaintiff appeals. *Held:*

"The rule enunciated in Georgia is that the liability of a parent for an injury committed by his child is governed by the ordinary principles of liability of a principal for the acts of his agent, or a master for his servant." *Corley v. Lewless,* 227 Ga. 745, 748 (182 SE2d 766) and cits. The issue becomes whether the facts in a particular case impose upon a parent a duty to anticipate injury to another through the child's use of an instrumentality. *Scarboro v. Lauk,* 133 Ga. App. 359 and cits.

While there was extensive cross examination of the defendant mother and son regarding alleged incidents in which the defendant's son may be said to have evidenced some "dangerous propensities," there was no evidence confirming the facts of the incidents which would support the allegations of the complaint or the facts stated in counsel's questioning of the defendant mother and son. The evidence further shows that, at the time the injury was sustained, the defendant mother only knew that her son was playing in the neighborhood, not particularly at the Downs' residence or with the slingshot, and that she assumed that there would be adult supervision whenever the slingshot was used. A mother is not negligent in simply failing to keep a constant and unremitting watch and restraint over her children. "[I]t is our opinion that neither the allegations of the petition which aver generally that the mother was negligent in permitting the use of the gun and its easy accessibility to her son nor the allegations which contend that the mother was negligent in remaining in the house and leaving her son unsupervised while in the yard and in failing to determine that the son had possession of the gun and was firing it, in the absence of allegations of knowledge of the actual circumstances on the part of the mother, stated a cause of action against the mother." *Faith v. Massengill,* 104 Ga. App. 348, 355 (121 SE2d 657). See also *Scarboro v. Lauk,* supra.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

626

ARGUED NOVEMBER 7, 1974 — DECIDED DECEMBER 5, 1974 —
REHEARING DENIED DECEMBER 19, 1974 — 

*Eugene McCracken,* for appellants.
*Falligant, Doremus, Karsman, Dent & Toporek,
Julian H. Toporek,* for appellees.