## 63103. SALTER v. ROAN.

Quillian, Chief Judge.

This is an action alleging negligence against a father to recover for property damage inflicted by his minor son.

The undisputed facts are that the appellant father came home from work one evening, placed the contents of his pockets, including a cigarette lighter, on the kitchen counter and went into the bathroom to take a shower. A short time later his five-year-old son came into the bathroom and told appellant to come and see what he had done. Appellant followed the child into a bedroom and found that the boy had started a fire in either the bed or the window drapes with the cigarette lighter he had left on the kitchen counter. Appellant was unable to extinguish the fire and by the time the fire department arrived and put it out, the fire had burned through to appellee's apartment below, destroying personal property. A jury trial resulted in a verdict and judgment for appellee in an amount in excess of $8,000 from which this appeal is taken. *Held:*

1. Error is asserted because the trial court refused to grant motions for directed verdicts and for judgment notwithstanding the verdict made on the grounds that the evidence did not show that appellant was negligent.

" 'Under the common law, traditionally, parents were not liable in damages for the consequences of the torts of their minor children solely because of the existence of the parent-child relationship. Unless the parent participated in the minor's tort, or through negligence caused or permitted the tort to occur, courts often absolved parents from liability, unless some other relationship, such as that of principal and agent, or master and servant, existed between parent and child.' [Cit.] The decisions of this court and of the Court of Appeals have been in accord with these common law principles. The rule enunciated in Georgia is that the liability of a parent for an injury committed by his child is governed by the ordinary principles of liability of a principal for the acts of his agent, or a master for his servant. [Cit.] Recovery has been permitted where there was some parental negligence in furnishing or permitting a child access to an instrumentality with which the child likely would injure a third party. [Cits.] In cases of this sort the question is whether the facts of the case impose upon the parent a duty to anticipate injury to another through the child's use of the instrumentality. [Cits.]" *Corley v. Lewless,* 227 Ga. 745 (1), 747 (182 SE2d 766).

The evidence is that appellant merely placed his pocket contents, including his lighter, on a kitchen counter and went into another room. Without appellant's knowledge or direction his son got

the lighter and set the fire. There is no evidence that the child had any proclivity or propensity for playing with lighters or matches or for setting fires. These circumstances do not establish parental negligence.

"Where a parent has no special reason to anticipate that a child, either through known dangerous proclivities or because of its possession of dangerous instrumentalities, may inflict harm on the person or property of others, mere failure to supervise the child's play activities is not a failure to exercise ordinary care on the part of the parent so as to subject him to liability . . . [Cits.]" *Barlow v. Lord,* 112 Ga. App. 352 (1) (145 SE2d 272).

Since appellant had no reason to anticipate that his son would take the lighter and start a fire, he had no duty to guard against it. *Hatch v. O'Neill,* 133 Ga. App. 624 (212 SE2d 11).

"Failure to keep an 'unremitting watch and restraint' over children in their own yard in the absence of knowledge of facts and circumstances requiring such action is not negligence." *Scarboro v. Lauk,* 133 Ga. App. 359 (3), 361 (210 SE2d 848).

The following recent cases in which summary judgment was granted to the parent are indistinguishable from this case as to the operant circumstances: *Muse v. Ozment,* 152 Ga. App. 896 (264 SE2d 328) (golf club); *Poythress v. Walls,* 151 Ga. App. 176 (259 SE2d 177) (golf club); *Hatch v. O'Neill,* 133 Ga. App. 624, supra (slingshot); *Scarboro v. Lauk,* 133 Ga. App. 359, supra (rock throwing); *Shaw v. Buice,* 130 Ga. App. 876 (204 SE2d 798) (shotgun); *Dunaway v. Kaylor,* 127 Ga. App. 586 (194 SE2d 264) (ice pick); *Gilbert v. Floyd,* 119 Ga. App. 670 (2) (168 SE2d 607) (butcher knife).

The trial court erred in not directing a verdict for appellant.

2. The remaining enumerations need not be addressed.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 19, 1982 —
REHEARING DENIED FEBRUARY 10, 1982.

*J. Blair Craig II,* for appellant.
*H. Garold Jordan, James C. Gaulden, Jr.,* for appellee.
*Joseph H. King, Jr.,* amicus curiae.