### 66526. GARNER v. SALTER.

CARLEY, Judge.

Appellant-plaintiff's apartment was destroyed by a fire which originated in the adjoining apartment. Appellee-defendant's five-year-old son was responsible for starting the fire. Appellant brought the instant tort suit, alleging that the fire and the resulting property damage to her apartment had been caused by appellee's negligence. Appellant appeals from the grant of summary judgment to appellee.

The fire at issue in the instant case is the same occurrence under consideration in *Salter v. Roan,* 161 Ga. App. 227 (291 SE2d 46) (1982). *Salter* was also a tort action instituted against appellee by a neighbor who had suffered property damage as the result of the fire. The relevant facts are set forth in that decision and will not be repeated here.

It is clear that the instant case does not involve the entrustment of a potentially dangerous instrumentality to a child. Compare *Hill v. Morrison,* 160 Ga. App. 151 (286 SE2d 467) (1981). "The evidence is that [appellee] merely placed his pocket contents, including his lighter, on a kitchen counter and went into another room. Without [appellee's] knowledge or direction his son got the lighter and set the fire." *Salter v. Roan,* supra at 227-228. "Although recovery is permitted where through parental negligence a child is permitted access to an instrumentality which, if not properly used, is foreseeably likely to cause injury to a third person, this does not make the parent liable for an injury negligently inflicted by a child where there is no dangerous proclivity known to the former and no reason to anticipate the injury which in fact occurred. [Cit.]" *Hill v. Morrison,* supra at 151-152. In the instant case "[t]here is no evidence that [appellee's] child had any proclivity or propensity for playing with lighters or matches or for setting fires. These circumstances do not establish parental negligence. . . . Since [appellee] had no reason to anticipate that his son would take the lighter and start a fire, he had

no duty to guard against it. [Cit.] 'Failure to keep an "unremitting watch and restraint" over children in their own yard in the absence of knowledge of facts and circumstances requiring such action is not negligence.' [Cit.]" *Salter v. Roan,* supra at 228.

It is asserted that *Salter* is not controlling authority because, in the instant case, appellant produced the affidavits of two "experts" who expressed an opinion that, under the circumstances, appellee "was negligent." "Whether the witness be an expert or a non-expert, he can not testify that from the preliminary or evidentiary facts detailed to him, or from the preliminary or evidentiary facts which he knew, the defendant was guilty of any one of the acts of negligence relied on for a recovery. Looking to the nature of the investigation, the ultimate fact of negligence, this is not a proper matter for an opinion of a witness whether he be an expert or a non-expert." *Cone v. Davis,* 66 Ga. App. 229, 235 (17 SE2d 849) (1941).

Under the facts and circumstances of this case, as a matter of law, parental negligence was not shown. *Salter v. Roan,* supra. The opinions of appellant's experts were neither admissible nor probative of the contrary.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED OCTOBER 7, 1983 —
REHEARING DENIED OCTOBER 20, 1983 — ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

*Joseph H. King, Jr.,* for appellant.
*J. Blair Craig,* for appellee.