## 68269. DENT v. SMITH et al.
## 68270. LANGHORN v. SMITH et al.
### (322 SE2d 100)

BIRDSONG, Judge.

Summary Judgment — Negligent Supervision of Child. Robert Smith and his wife were the parents of four children, three teenagers and one ten years of age. A couple of years before the injury giving rise to the complaint, the Smiths had given air rifles (BB guns) to their teenaged sons. Because of the inattention and lack of care in the use and maintenance of the guns by the two boys, Mr. Smith had removed the BB guns from the house and the boys had not had such guns for at least two years before the injury giving rise to this lawsuit. On the Friday before the injury was inflicted, Mr. Smith had observed several neighbor boys, together with one or more of his sons, firing BB guns from the Smith backyard into some trees, shooting at birds and squirrels. Mr. Smith ordered the boys away and denied permission for the boys to shoot from his yard. Mr. Smith also testified that though his sons did not have BB guns, he had seen BB guns periodically in his yard in the possession of neighbor children. Mr. Smith did not deny permission for the children to bring BB guns into the yard, but

he did require them to leave the guns outside the house. Therefore, on occasion, Mr. Smith had seen a BB gun leaning by the screen door at the side of the house.

On the Monday morning following the Friday incident, Mrs. Smith went into the backyard to hang up clothes prior to going to work. She stumbled over an object which she did not see because she was holding the clothes basket. This turned out to be a BB gun that belonged to the victim's teenaged uncle. Mrs. Smith picked up the rifle and laid it on the chimney of an outdoor grill in the backyard near the clothesline. She paid no particular attention to the gun or its condition and left it on the chimney when she went into the house. At that time, all of her children were in school.

Mr. Smith was at home on Monday afternoon, lying on his bed in the back bedroom watching TV. In the afternoon, after school, the victim, Michael Langhorn, came looking for Smith's daughter, Tiffany, apparently both of whom were at the time 8 to 9 years of age. Michael and Tiffany were schoolmates and constant companions. Mr. Smith knew the children were playing together in the backyard. However, there is no dispute that Mr. Smith did not know of the presence of a BB gun on his premises that day. Mrs. Smith had departed for work before the children arrived from school.

There likewise is no dispute that someone unknown had moved the BB gun from the chimney of the outdoor grill to a position resting against the house at the back screen door. Tiffany stated that she saw the gun leaning against the side of the house. She picked it up and was looking at it when it discharged and the BB struck Michael in the eye, causing loss of vision. The only dispute is that Michael stated that Tiffany pointed the rifle at him, called his name and when he turned to look at her, she discharged the rifle, striking him in the eye.

Both Smiths testified that Tiffany had never owned a BB gun, showed absolutely no interest in such a possession, and knew nothing about its operation. In substance, Tiffany corroborated this lack of interest and inexperience with guns.

Based upon the foregoing occurrences, Michael Langhorn, by his next friend, his grandmother, brought suit against the Smiths for negligently making available to Tiffany a dangerous instrumentality and failing to supervise their minor child. Michael's mother, in a separate action, sought recovery for medical expenses expended in the care and treatment of Michael. The Smiths filed motions for summary judgment to both actions. The trial court granted summary judgment to the Smiths. The parties have agreed that both appeals are companion cases and the disposition of Michael's appeal would be dispositive as to his mother's appeal. We agree and will treat the appeals as one. *Held*:

The basis of appellants' argument before the trial court and now

before this court is that the Smiths were negligent in leaving a BB gun where their eight-year-old daughter could get hold of it and further in not supervising her activities sufficiently to preclude an accident such as the one leading to this lawsuit.

In the first place, we observe that one-half of that argument has some application to Mrs. Smith (leaving a gun where her daughter could gain access to it) and the other half to Mr. Smith (failing to exercise supervision over his daughter so as to preclude the negligent use of a dangerous instrumentality). There is no assertion that Mr. Smith was aware that a BB gun was present on his property or that Tiffany had it in her possession. Likewise, there is no evidence that Mrs. Smith was even at home when Tiffany and Michael were playing after school and when Tiffany gained possession of the BB gun.

Assuming arguendo some degree of negligence on the part of one or the other parent, neither parent is chargeable with the negligence of the other merely because of their conjugal relationship. *Faith v. Massengill*, 104 Ga. App. 348, 354 (3) (121 SE2d 657), overruled on other grounds, *Brady v. Lewless*, 124 Ga. App. 858, 859 (186 SE2d 310). In the absence of evidence showing that Mr. Smith furnished or made available a dangerous instrumentality to a careless minor or one exhibiting dangerous proclivities, Mr. Smith was not negligent in failing to keep a constant and unremitting watch and restraint over his minor daughter. Id.; *Atlanta &c. Charlotte Air-Line R. Co. v. Gravitt*, 93 Ga. 369, 375 (20 SE 550); *Scarboro v. Lauk*, 133 Ga. App. 359, 361 (3) (210 SE2d 848). *Faith v. Massengill*, supra holds at p. 355: "[N]either the allegations of the petition which aver generally that the [father] was negligent in permitting the use of the gun and its easy accessibility to [his daughter] nor the allegations which contend that the [father] was negligent in remaining in the house and leaving [his daughter] unsupervised while in the yard and in failing to determine that the [daughter] had possession of the gun and was firing it, in the absence of allegations of knowledge of the actual circumstances on the part of the [father], stated a cause of action against the [father]."

In this case, there is no allegation of knowledge of the actual circumstances on the part of either Mr. or Mrs. Smith. Mrs. Smith was at work. Neither knew how the gun came to be placed at the outer door. Mr. Smith was inside the house, and had no knowledge of the presence of the gun. Such facts preclude the assessment of parental negligence. *Scarboro v. Lauk*, supra.

As to Mrs. Smith's leaving the gun on the grill chimney, the cases of *Garner v. Salter*, 168 Ga. App. 520 (309 SE2d 638) and *Salter v. Roan*, 161 Ga. App. 227 (291 SE2d 46), are dispositive of that issue in the instant case. " 'Recovery has been permitted where there was some parental negligence in furnishing or permitting a child access to

an instrumentality with which the child likely would injure a third party. [Cits.] In cases of this sort the question is whether the facts of the case impose upon the parent a duty to anticipate injury to another through the child's use of the instrumentality. [Cits.]' *Corley v. Lewless*, 227 Ga. 745 (1), 748 (182 SE2d 766).

" 'The evidence is that appellant merely placed [a BB gun belonging to a neighbor's child on the chimney of an outdoor grill in the backyard while hanging out a wash and left the gun there when she went to work]. Without [the mother's] knowledge or direction [her daughter] got the [gun and fired it striking Michael in the eye]. There is no evidence that the child had any proclivity or propensity for playing with [a BB gun]. These circumstances do not establish parental negligence.

" 'Where a parent has no special reason to anticipate that a child, either through known dangerous proclivities or because of its possession of dangerous instrumentalities, may inflict harm on the person or property of others, mere failure to supervise the child's play activities is not a failure to exercise ordinary care on the part of the parent so as to subject [her] to liability . . . . [Cits.]' *Barlow v. Lord*, 112 Ga. App. 352 (1) (145 SE2d 272).

"Since appellant had no reason to anticipate that [her daughter would take the gun and shoot another with it, she] had no duty to guard against it. *Hatch v. O'Neill*, 133 Ga. App. 624 (212 SE2d 11)." *Salter v. Roan*, supra, pp. 228-229.

Under the facts of this case, we find no error by the trial court in granting summary judgment to both Mr. and Mrs. Smith. *Summer-Minter Assoc. v. Giordano*, 231 Ga. 601, 603 (203 SE2d 173).

*Judgments affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 13, 1984.

*David A. Kendrick*, for appellants.
*Robert C. Martin, Jr.*, for appellees.