A05A1840. McKELVEY et al. v. PLAISTED.
(629 SE2d 464)

BERNES, Judge.

The instant lawsuit arises from an unfortunate accident in which a child, C. M., suffered a permanent injury to her eye while she and her friend, N. P., played with a bungee cord. C. M. and her mother, Diana McKelvey, sued N. P.'s father, Gary S. Plaisted, alleging that he failed to adequately supervise the children while they played outside at the Plaisted home and negligently left the bungee cord where N. P. could retrieve it. The trial court granted summary judgment in favor of Plaisted on the McKelveys' claims. The McKelveys appeal, contending that the trial court erred by concluding that there was no genuine issue of material fact over whether Plaisted was negligent. For the following reasons, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). On appeal from a trial court's decision on summary judgment, we apply a de novo standard of review, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Sudduth v. Young*, 260 Ga. App. 56 (579 SE2d 7) (2003).

So viewed, the record shows that the McKelveys and the Plaisteds were neighbors, living across the street from each other. Six-year-old C. M. and eight-year-old N. P. were friends and played together often at their respective homes. On March 9, 2002, while Plaisted's wife was away running errands, Plaisted agreed to allow the children to play at the Plaisted home. Plaisted agrees that he was responsible for supervising the children while they were at his house on that day.

While the children played on a playground fort containing a swing and a slide in the backyard, Plaisted read the newspaper and watched television inside the residence. He checked on the children on several occasions when he was inside by looking through the window into the backyard.

At some point during their play, N. P. left the fort and walked around the side of the house to the open garage in search of something

else to be used for playing. Without her father's knowledge and permission, N. P. obtained the bungee cord from a shelf near Plaisted's tools and brought it back to the fort for use in a game of "rescue." To play the game, N. P. hooked one end of the bungee cord to the top of the fort's slide and instructed C. M. to make sure that it remained secure while N. P. held onto the other end and walked down the slide to be "rescued." The rope slipped from N. P.'s hand, recoiled, and hit C. M. in her eye.

N. P. ran inside the house to inform Plaisted that C. M. had been injured. Plaisted picked C. M. up from the fort and carried her back to the McKelveys' home.

Both C. M. and N. P. stated that they had never played the "rescue" game before. C. M. told her mother that she and N. P. had never played with the bungee cord before the date of the accident. Neither the Plaisted nor the McKelvey parents had ever seen the children playing with a bungee cord before the date of the accident nor previously warned their children not to play with bungee cords. During Mrs. McKelvey's deposition, she conceded that she did not know of any fact that would lead her to believe that Plaisted should have expected the children to play with a bungee cord. Mrs. McKelvey stated that she had not ever warned C. M. about the dangers of improper use of a bungee cord because she had never thought about her being hurt by a bungee cord.

According to Plaisted and his wife, at the time of the incident, N. P. was allowed to enter the garage to obtain toys, but had been expressly told that she was not allowed to touch the tools in the work area of the garage. Plaisted and his wife further stated that N. P. did not have any behavioral problems and had not previously touched any inappropriate or dangerous tools in the garage. Mr. and Mrs. McKelvey also testified that they had not previously observed N. P. behaving inappropriately and that she was cautious and careful for a child her age.

1. On appeal, the McKelveys argue that there was a genuine issue of material fact over whether Plaisted was negligent in his supervision of the children while they played outside the Plaisted home. We disagree.

> The measure of precaution that must be taken by one having a child in his care, who stands in no relation to the child except that he has undertaken to care for it, is that care which a prudent person would exercise under like circumstances. . . . Such person is not an insurer of the safety of the child. He is required only to use reasonable care commensurate with the reasonably foreseeable risk of harm.

(Citations and punctuation omitted.) *Bunn v. Landers*, 230 Ga. App. 744, 745 (2) (498 SE2d 109) (1998). "[I]n our society[,] strict control of children is today so rare that its absence is no indication of a lack of reasonable care." (Citation and punctuation omitted.) *Assurance Co. of America v. Bell*, 108 Ga. App. 766, 774 (4) (134 SE2d 540) (1963). "Failure to keep an unremitting watch and restraint over children in their own yard in the absence of knowledge of facts and circumstances requiring such action is not negligence." (Citation and punctuation omitted.) *Scarboro v. Lauk*, 133 Ga. App. 359, 361-362 (3) (210 SE2d 848) (1974). Moreover, the mere fact that an injury occurred does not establish that the supervision was negligent. See *Ball v. Bright Horizons Children Center*, 260 Ga. App. 158, 163-164 (578 SE2d 923) (2003).

According to Plaisted, he checked on the children by coming outside twice during the approximately one-and-one-half hours in which the children played prior to C. M.'s injury. Although the McKelveys dispute Plaisted's contention through the affidavit of C. M., there nevertheless is uncontroverted evidence that Plaisted checked on the children when he was inside by frequently looking through the window into the backyard, and that he never saw the children leave the backyard or obtain the bungee cord. The McKelveys failed to present any evidence that any more supervision was required under the circumstances. Plaisted had no duty to keep an unremitting and constant watch and restraint over the children in his own yard, and he was not acting as an insurer of the children's safety while they played. *Ball*, 260 Ga. App. at 163-164; *Scarboro*, 133 Ga. App. at 361-362 (3). Indeed, Mr. and Mrs. McKelvey both testified that when the children played at their own home, there were times when the children would play without either parent being in their immediate presence to constantly supervise them, and both agreed that this was not inappropriate.

The McKelveys' reliance on *Bull Street Church of Christ v. Jensen*, 233 Ga. App. 96 (504 SE2d 1) (1998) and *Wallace v. Boys Club of Albany*, 211 Ga. App. 534 (439 SE2d 746) (1993) is misplaced. Both of those cases involved organized children's classes or programs where third-party staff or volunteers had agreed to supervise the children. Neither of those cases involved a situation where neighborhood children were simply playing outside in one of the neighbor's yards while being informally supervised by one of the parents.

For these reasons, we conclude that Plaisted adequately supervised the children as a matter of law. "Under the facts presented in this case, the only way that [Plaisted] could have prevented [C. M.'s injuries] would have been to maintain a constant watch over [the children] at all times." *Bunn*, 230 Ga. App. at 746 (2). The grant of summary judgment in favor of Plaisted was appropriate.

2. The McKelveys also argue that there was a genuine issue of material fact over whether Plaisted negligently allowed N. P. to have access and control over a dangerous instrumentality — a bungee cord — resulting in the injury to C. M. Again, we disagree.

It is undisputed that Plaisted neither furnished nor expressly permitted N. P. access to the bungee cord, notwithstanding the fact that the bungee cord was kept on a garage shelf where she could potentially obtain it.

> In those cases in which the parent did not furnish the dangerous instrumentality but through negligence allowed access thereto to the child, the standard for imposing liability upon a parent is whether the parent knew of the child's proclivity or propensity for the specific dangerous activity. If such knowledge cannot be shown on the part of appellee, then liability cannot attach to her, as a parent is not an insurer that the child will not harm another.

(Citations, punctuation and emphasis omitted.) *Saenz v. Andrus*, 195 Ga. App. 431, 433 (2) (393 SE2d 724) (1990). See also *Dent v. Smith*, 172 Ga. App. 90, 93 (322 SE2d 100) (1984).

As previously noted, there is no evidence that Plaisted was aware that the children had obtained and intended to play with the bungee cord. Likewise, there is no evidence that either N. P. or C. M. had a proclivity or propensity to play with bungee cords. Since Plaisted had no reason to anticipate that the children would play with the bungee cord, he had no duty to guard against it. See *Bunn*, 230 Ga. App. at 745-746 (2); *Saenz*, 195 Ga. App. at 432-433 (2); *Dent*, 172 Ga. App. at 93; *Muse v. Ozment*, 152 Ga. App. 896 (264 SE2d 328) (1980); *Scarboro*, 133 Ga. App. at 361-362 (3).

*Nunn v. Page*, 265 Ga. App. 484 (594 SE2d 701) (2004), cited by the McKelveys, is inapposite. In *Nunn*, this Court reversed the trial court's grant of summary judgment on a negligent supervision claim under circumstances in which the children were given permission to play on a trampoline. Id. at 484, 486 (2). To the contrary, N. P. and C. M. had not received permission to play with the bungee cord.

The McKelveys also contend that a genuine issue of material fact was created by their expert's affidavit stating that an injury is foreseeable when children play with bungee cords. Significantly, however, the affidavit failed to address the principal issue of whether Plaisted should have anticipated that N. P. and C. M. would play with a bungee cord such that the harm was foreseeable under the particular circumstances of this case. As a result, the expert affidavit was insufficient to create a genuine triable issue of fact. The trial court did not err in granting summary judgment to Plaisted.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MARCH 16, 2006 —
RECONSIDERATION DENIED MARCH 29, 2006 — 

*Michael L. Neff*, for appellants.
*Hawkins & Parnell, William H. Major III*, for appellee.