JOHN VANTHOURNOUT, Plaintiff-Appellee, *v.* DON BURGE, Defendant-Appellant.

Second District   No. 78-273

Opinion filed March 12, 1979.

Peter M. Donat and Walter J. Donat, both of Donat & Donat, of Batavia, for appellant.

Gerald R. Kinney, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This appeal challenges the constitutionality of the Illinois Parental Responsibility Law (Ill. Rev. Stat. 1977, ch. 70, pars. 51 through 57). The plaintiff, John Vanthournout, filed a small claims complaint against the defendant, Don Burge, for damage to the plaintiff's automobile which occurred when defendant's 11-year-old son took the plaintiff's car. The trial court found that defendant's minor son willfully drove plaintiff's automobile off the road causing property damage and entered judgment

against defendant in the sum of $498.72 plus court costs. The defendant has challenged the constitutionality of the Parental Responsibility Act at every stage of this proceeding and this is the only issue raised in this appeal.

Pertinent portions of the Parental Responsibility Act provide as follows:

> "(2) 'Minor' means a person who is above the age of 11 years, but not yet 19 years of age.
>
> (3) The parent or legal guardian of an unemancipated minor who resides with such parent or legal guardian is liable for actual damages for the willful or malicious acts of such minor which cause injury to a person or property.
> * * *
>
> (5) No recovery under this Act may exceed $500 actual damages * * *. In determining the damages * * * for personal injury, only medical, dental and hospital expenses may be considered."

In considering this appeal we bear in mind that a legislative enactment is presumed constitutional and that the burden of rebutting this presumption is on the party asserting the invalidity of the law. *Pozner v. Mauck* (1978), 73 Ill. 2d 250, 383 N.E.2d 203.

First, defendant contends that the Parental Responsibility Act is unconstitutional in that it deprives the parent of property without due process of law by imposing liability without regard to fault. Defendant concedes that liability has been imposed by law in certain situations in the absence of fault, but he contends that in all such situations there has been a relationship whereby the party on whom liability is imposed secures a benefit or is in a position to prevent the act from which liability arises. Examples of these relationships are found in the case of the liability of the employer under workman's compensation, the liability of an operator of a dram shop, the liability of a seller of food that might become adulterated or the vicarious liability imposed under the "Family Purpose Doctrine." Defendant contends that it is not rational to impose liability without fault on a parent with whom a child resides and therefore the property of the parent is taken without due process. While defendant concedes that a parent has a right to control his child, he contends that this right is not on the same footing as the right of an employer to demand compliance from an employee or the right of the owner of an automobile to withhold consent to use his vehicle.

Secondly, defendant argues that the Parental Responsibility Act creates an unreasonable classification by imposing vicarious liability on a parent or guardian of a minor from 11 to 18 years of age. To support this position it is suggested that groups in society such as schools, policemen

or other relatives of the child are also responsible for juvenile conduct; defendant further argues that the threat of liability to a parent is neither an inducement or threat to a juvenile to cause him to conform his conduct to the law. As further support of his position defendant cites the views of various sociologists and task force reports to the effect that there are many factors contributing to juvenile delinquency and that modern society has developed new institutions which have preempted the traditional role of the family.

Lastly, defendant asserts that the Parental Responsibility Act is not a valid exercise of the police power and that it does not have a reasonable relationship to the objectives sought to be attained. Defendant contends that this position is also supported by the views of leading sociologists who take the position that the control of a parent over the behavior of a child is limited and vague and therefore the means sought to control juvenile delinquency by this law is not reasonable.

Many States have parental responsibility laws similar to Illinois. The constitutionality of such laws has been sustained in *General Insurance Co. of America v. Faulkner* (1963), 259 N.C. 317, 130 S.E.2d 645; *Kelly v. Williams* (Tex. Civ. App. 1961), 346 S.W.2d 434; *Mahaney v. Hunter Enterprises, Inc.* (Wyo. 1967), 426 P.2d 442; *In re Sorrell* (1974), 20 Md. App. 179, 315 A.2d 110; *Watson v. Gradzik* (1977), ___ Conn. Supp. ___, 373 A.2d 191. (See also *Rudnay v. Corbett* (1977), 53 Ohio App. 2d 311, 374 N.E.2d 171.) Only in *Corley v. Lewless* (1971), 227 Ga. 745, 182 S.E.2d 766, has a parental responsibility law been held unconstitutional. In that case there was no limitation on the liability of the parent and it was for that reason that the law was found invalid.

■■ Due process and equal protection requirements have frequently been analyzed by Illinois courts of review. In *People ex rel. County of Du Page v. Smith* (1961), 21 Ill. 2d 572, 578, 173 N.E.2d 485, 489, the court stated:

> "If there is a reasonable basis for differentiating between the class to which the law is applicable and the class to which it is not, the General Assembly may constitutionally classify persons and objects for the purpose of legislative regulation or control, and may pass laws applicable only to such persons or objects."

In *Anderson v. Wagner* (1978), 61 Ill. App. 3d 822, 826, 378 N.E.2d 805, 808-09, the court defined the test in determining constitutionality of a statute as follows:

> "It is, however, generally true that, in order for a statute to pass constitutional muster in terms of the due process clause, the statutory means selected by the legislature must bear a real and substantial relation to the objective sought to be regulated for the health, morals, welfare, and safety of the community. [Citations.]

\* \* \* The traditional test for equal protection is not whether a statute results in unequal treatment, but whether the statutory inequality of treatment has a reasonable basis in fact."

■■ The legislative purpose of the Illinois Parental Responsibility Act is two-fold: (1) to compensate innocent victims of juvenile misconduct that is willful or malicious; and (2) to place upon the parents the obligation to control a minor child so as to prevent intentional harm to others. The foregoing objectives are legitimate goals to be attained by legislation. We find that the means selected by placing the burden on the parent-child relationship is reasonably related to these goals.

■■ We hold that the defendant has not met the burden of showing that the Parental Responsibility Act is unconstitutional. We find that the purpose of that Act is a proper one and that the means employed is substantially related to the end sought and that therefore it is a fair and reasonable exercise of the police power. As stated by the Supreme Court of Connecticut in *Watson v. Gradzik* (1977), ___ Conn. Supp. ___, ___, 373 A.2d 191, 192:

"The court cannot accept the defendants' premise that the fundamental right to bear and raise children has been interfered with merely because a parent is held responsible for his child's torts. With the right to bear and raise children comes the responsibility to see that one's children are properly raised so that the rights of other people are protected."

Affirmed.

GUILD, P. J., and LINDBERG, J., concur.