### 37883. HAYWARD et al. v. RAMICK.

GREGORY, Justice.

This case raises an issue of the constitutionality of the Georgia Parental Liability for Minor Children's Torts Act, Ga. Laws 1976, page 511 (Code Ann. § 105-113). A second issue relates to the

admission of certain evidence contended to be in violation of provisions of the Georgia Juvenile Code. Code Ann. § 24A-2401 (b).

Appellee alleged in his complaint that Mark Hayward (15) and Tony Wheat (15) burglarized his home causing certain property damage and were, therefore, liable under the theory of intentional tort. The parents of the two boys were also named defendants on the theory, inter alia, contained in Code Ann. § 105-113. That statute provides: ". . . every parent . . . having the custody and control over a minor child or children under the age of 18 shall be liable in an amount not to exceed Five Hundred Dollars ($500.00) for the wilful or malicious acts of said minor child or children resulting in damage to the property of another. . . ."

The jury found in favor of the plaintiff and awarded damages against the boys and a sum against each parent within the $500 limit provided in the statute.

(1) The parents complain that their motion for directed verdict should have been granted on the ground the statute seeks to impose vicarious liability upon them without fault, contrary to the due process clauses of the State and Federal Constitutions.

We note that the predecessor of the statute under attack was enacted in 1956. Ga. Laws 1956, p. 699. For our purposes, the two statutes are similar except that the 1956 statute required an act of *vandalism* resulting in injury to the person or property of another. This court construed the word vandalism (wilful or malicious acts as are intended to destroy property) to have the effect of limiting application of the statute to damage to property and thus exclude personal injury. *Vort v. Westbrook,* 221 Ga. 39 (142 SE2d 813) (1965). In 1966 the General Assembly repealed the 1956 statute and enacted a new provision which eliminated the word "vandalism" and expressly included "death, injury or damage to the person or property, or both, of another." Ga. Laws 1966, p. 424. Five years later this court declared this later act unconstitutional. *Corley v. Lewless,* 227 Ga. 745 (182 SE2d 766) (1971). It was pointed out in *Corley* that other states had similar statutes, some of which had been upheld in constitutional challenges. Kelly v. Williams, (Tex. Civ. App.) 346 SW2d 434; General Ins. Co. v. Faulkner, 259 N.C. 317 (130 SE2d 645); Mahaney v. Hunter Enterprises (Wyo.) 426 P2d 442. There were features which the *Corley* opinion found to distinguish the Texas, North Carolina and Wyoming statutes from the Georgia statute: (1) scope limited to property damage; (2) limitation of $300 or $500 as to recovery; (3) the recovery in the nature of penalties, not having compensation of injured parties as the objective. On the other hand, it was found that the Georgia statute was not penal in nature but was intended to provide compensation for those injured. This court then

wrote that the statute imposed "vicarious tort liability solely on the basis of the parent-child relationship." Without further analysis, it was held that the statute violated due process.

Following the hint laid down in *Corley,* supra, the General Assembly passed our present statute in 1976. Ga. Laws 1976, page 511. The expressed intent was to provide for aid in controlling juvenile delinquency and not to compensate victims for the conduct of children. A $500 limit of liability was enacted. In this case we are faced with a due process attack made upon the 1976 statute.

*Corley,* supra, stands alone among a number of opinions dealing with the constitutionality of parental responsibility statutes in various jurisdictions. The other statutes have uniformly been upheld. See, Vanthournout v. Burge, 69 Ill. App. 3d 193, 387 NE2d 341 (1979) and cases cited therein. Some courts have accepted the distinction this court found in our previous statute, Rudnay v. Corbett, 53 Ohio App. 2d 311 (374 NE2d 171) and others have not. In re Sorrell, 20 Md. App. 179 (315 A2d 110, 115) (1974). While we do not reaffirm *Corley,* we do hold that the legislature has met the objections of *Corley* in the new statute with which we now deal.

Setting aside the history of our statute and prior decisions for the moment, we will undertake to analyze Code Ann.§ 105-113 under the recognized due process approach. Substantive due process requires that the statute not be unreasonable, arbitrary or capricious, and that the means have a real and substantial relation to the object sought to be obtained. Nebbia v. New York, 291 U. S. 502, 525 (54 SC 505, 78 LE 940) (1933). The law must rationally relate to a legitimate end of government. Nowak et al., *Constitutional Law,* p. 410 (1978). No basis has been put forward for any higher scrutiny and we find none. We hold that this statute, intended to aid in reducing juvenile delinquency by imposing liability upon parents who control minors is neither unreasonable, arbitrary nor capricious. We further hold that the state has a legitimate interest in the subject (controlling juvenile delinquency), and that there is a rational relationship between the means used (imposing of liability upon parents of children who wilfully or maliciously damage property) and this object. Furthermore, the General Assembly has enacted legislation incorporating those distinguishing features pointed to in *Corley,* supra, and thereby overcame any objections which *Corley* found to exist in the former statute. The statute violates neither due process nor *Corley.*

(2) Appellant alleges error in that the trial court admitted testimony of the investigating officer relating to statements made by the boys during the investigation. The objection is predicated on the proposition that Code Ann. § 24A-2401 (b) was violated. It provides:

"The disposition of a child and evidence adduced in a hearing in the juvenile court may not be used against him in any proceeding in any court other than for a proceeding for delinquency or unruliness, whether before or after reaching majority, except in dispositional proceedings after conviction of a felony for the purpose of a presentence investigation and report."

While the record reflects there was a juvenile proceeding relating to the boys, we hold that the officer's testimony regarding the facts learned in the investigation does not disclose the "disposition of a child" nor is it "evidence adduced in a hearing in juvenile court." This code provision is designed to protect children from disclosure relating to matters resulting from and produced in juvenile hearings, not to insulate a child from the effect of testimony of those investigating crimes.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 6, 1982 —
REHEARING DENIED FEBRUARY 3, 1982.

*G. Hughel Harrison,* for appellants.
*Stokes & Shapiro, Herman L. Fussell, Charles V. Choyce, Jr.,* for appellee.