415 So.2d 123 (1982)
Dorian H. STANG, Appellant,
v.
Alvin WALLER and Paula Waller, His Wife, and David W. Graham and Christina Graham, His Wife, Appellees.
No. 81-1406.
District Court of Appeal of Florida, Fourth District.
June 16, 1982.
Willard C. Wheeler, Jr., Jupiter, for appellant.
Jane Kreusler-Walsh, West Palm Beach, and Frank J. McKeown of McKeown & Gamot, P.A., Palm Beach, for appellees.
WALDEN, Judge.
This appeal determines the constitutionality of § 741.24, Fla. Stat. (1981).[1] This statute *124 imposes strict vicarious liability to the extent of $2,500.00 upon the parents when their minor children maliciously or willfully destroy or steal property of another.
The trial court found that plaintiff (appellant) here had proved "a perfect case" against the defendant parents (appellees) for recovery under the statute with the sole impediment being the statute's unconstitutionality. There being no Florida cases on the subject, the trial court recognized that there were many cases from other jurisdictions holding such statutes to be constitutional. The trial court then considered and reasoned as to its views as to the frailties of the legislation. Finally, the statute was declared to be unconstitutional citing Corley v. Lewless, 227 Ga. 745, 182 S.E.2d 766 (1971); The dissent in Board of Education of Piscataway Township v. Caffiero, 413 A.2d 981 (New Jersey 1980), aff'd 431 A.2d 799 (1981); and Article in June 1972 Notre Dame Lawyer, p. 1321.
It appears that a majority of the states have similar statutes and that the weight of authority supports constitutionality. So far as we can determine only Georgia, at the time our judgment was entered, had found such a statute unconstitutional. Corley v. Lewless, supra. Since Corley the General Assembly of Georgia modified its statute so that its expressed intent was to aid in controlling juvenile delinquency and not to compensate victims for the conduct of children. Moreover a limit on liability was imposed. The Supreme Court of Georgia then, subsequent to the trial court decision here, found the statute to be constitutional in Haywood v. Ramick, 248 Ga. 841, 285 S.E.2d 697 (1982). It said,

Corley, supra, stands alone among a number of opinions dealing with the constitutionality of parental responsibility statutes in various jurisdictions. The other statutes have uniformly been upheld. See, Vanthournout v. Burge, 69 Ill. App.3d 193, 25 Ill.Dec. 685, 387 N.E.2d 341 (1979) and cases cited therein. Some courts have accepted the distinction this court found in our previous statute, Rudnay v. Corbett, 53 Ohio App.2d 311, 374 N.E.2d 171, and others have not. In re Sorrell, 20 Md. App. 179, 315 A.2d 110, 115 (1974). While we do not reaffirm Corley, we do hold that the legislature has met the objections to Corley in the new statute with which we now deal.
Setting aside the history of our statute and prior decisions for the moment, we will undertake to analyze Code Ann. 105-113 under the recognized due process approach. Substantive due process requires that the statute not be unreasonable, arbitrary or capricious, and that the means have a real and substantial relation to the object sought to be obtained. Nebbia v. New York, 291 U.S. 502, 525, 54 S.Ct. 505, 510-511, 78 L.Ed. 940 (1933). The law must rationally relate to a legitimate end of government. Nowak, et al., Constitutional Law, p. 410 (1978). No basis has been put forward for any higher scrutiny and we find none. We hold that this statute, intended to aid in reducing juvenile delinquency by imposing liability upon parents who control minors is neither unreasonable, arbitrary nor capricious. We further hold that the state has a legitimate interest in the subject (controlling juvenile delinquency), and that there is a rational relationship between the means used (imposing of liability upon parents of children who wilfully or maliciously damage property) and this object. Furthermore, the General Assembly has enacted legislation incorporating those distinguishing features pointed to in Corley, supra, and thereby overcame any objections which Corley found to exist in the former statute. The statute violates neither due process nor Corley.

The subject has been comprehensively treated on a number of occasions. Since we feel that the better view supports constitutionality, we reverse and remand upon the well reasoned authority, which we adopt, of Board of Education v. Caffiero, 86 N.J. 308, 431 A.2d 799 (1981); Kelly v. Williams, 346 S.W.2d 434 *125 (Tex.Civ.App. 1961); Hayward v. Ramick, supra. See also Mahaney v. Hunter Enterprises, Inc., 426 P.2d 442 (Wyo. 1967); In re Sorrell, 20 Md. App. 179, 315 A.2d 110 (1975); Watson v. Gradzik, 34 Conn. Supp. 7, 373 A.2d 191 (1977); Nanthournout v. Burge, 69 Ill. App.3d 193, 25 Ill. Dec. 685, 387 N.E.2d 341 (1979).
Reversed and remanded for further proceedings consistent herewith.
LETTS, C.J., and DOWNEY, J., concur.
NOTES
[1] 741.24 Civil action against parents; willful destruction or theft of property by minor. (1) Any municipal corporation, county, school district, or department of Florida; any person, partnership, corporation, or association; or any religious organization, whether incorporated or unincorporated, shall be entitled to recover damages in an appropriate action at law in an amount not to exceed $2,500, in a court of competent jurisdiction, from the parents of any minor under the age of 18 years, living with the parents, who shall maliciously or willfully destroy or steal property, real, personal, or mixed, belonging to such municipal corporation, county, school district, department of the state, person, partnership, corporation, association, or religious organization. (2) The recovery shall be limited to the actual damages in an amount not to exceed $2,500, in addition to taxable court costs.