RAY E. ROBISON, Plaintiff-Appellant, v. FIRST STATE BANK OF PEKIN, Defendant-Appellee.

Third District   No. 3—85—0685

Opinion filed July 8, 1986.

John M. Ritchie, of Pekin, for appellant.

E. Wayne Clark, of Frings, Bagley, Atherton & Clark, of Pekin, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

In the complaint filed against the defendant, First State Bank of Pekin (the bank), the plaintiff, Ray E. Robison, demanded $1,000 for the unauthorized withdrawal (the withdrawal) by his son, Ray E. Robison, from the plaintiff's savings account. The bank petitioned for setoff based on the Parental Responsibility Law (the Act) (Ill. Rev. Stat. 1985, ch. 70, par. 51 *et seq.*). The court entered judgment for the plaintiff but allowed the bank to offset the $1,000 judgment.

On appeal, the plaintiff argues that the Act does not eliminate the bank's responsibility for negligently honoring the forged withdrawal. Specifically, the plaintiff suggests that his property loss exempts him from the Act. In response, the bank argues that the Act limits its responsibility to pay on the withdrawal which benefitted the family.

According to the agreed statement of facts, in 1982 the plaintiff and his wife opened a joint passbook savings account (the account) at the bank. Nothing significant involving the account transpired until June 4, 1985, when the plaintiff's 17-year-old son, who then resided with the plaintiff, forged the plaintiff's signature on the withdrawal slip and presented it and the account passbook to the bank's employee, Dawn Depeugh. Depeugh, who was acquainted with neither the plaintiff nor his son, compared the withdrawal signature with that on the bank's records; concluded that the signature was authentic; and transferred $1,200 from the account to the plaintiff's son. Two days later, after the son had run away from home, the plaintiff discov-

ered several forged savings withdrawal slips in the son's bedroom.

When the bank informed the plaintiff of the transfer to the son, the plaintiff notified the bank that the withdrawal was unauthorized. Bank employee Ellen Coates disputed the plaintiff's testimony that in her presence the bank's president, John Troutman, offered to fully reimburse the plaintiff in exchange for his signing an affidavit of forgery. The plaintiff signed such an affidavit. Only $200 was credited to the account.

■ The Act imposes liability on parents for damages attributable to the wilful or malicious injury to person or property occasioned by their unemancipated minor children between 11 and 19 years of age who reside with the parents. The recovery of any person or corporation under the Act is limited to $1,000. (Ill. Rev. Stat. 1985, ch. 70, pars. 52, 53, 54, 55.) Thus, the twofold legislative purpose of the Act is to compensate innocent victims for wilful or malicious juvenile misconduct and to oblige parents to control their children to prevent intentional harm to others. *Vanthounout v. Burge* (1979), 69 Ill. App. 3d 193, 387 N.E.2d 341.

■ The bank acknowledged its obligation to pay $1,200 due to the forgery. Consequently, the wilful or malicious conduct of the plaintiff's unemancipated 17-year-old son, who resided with the plaintiff, caused the bank to innocently incur damages of $1,200. Clearly, based on these facts, the legislature imposed responsibility for the bank's loss upon the plaintiff and authorized the bank, an innocent corporation, to limit its loss to the amount exceeding $1,000, *i.e.,* $200. Therefore, the trial court appropriately offset the plaintiff's $1,000 judgment.

■ Finally, we acknowledge the plaintiff's incidental demand for attorney fees. However, beyond the plaintiff's demand for fees in his amended complaint, the record is devoid of any indication that the plaintiff either presented evidence or otherwise preserved the issue for review. Therefore, we decline to address the issue. *Abbey Plumbing & Heating, Inc. v. Brown* (1977), 47 Ill. App. 3d 719, 365 N.E.2d 115.

Accordingly, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

SCOTT, P.J., and BARRY, J., concur.