*1030 OPINION OF THE COURT
Robert A. Rybak, J.
The hearing for the above-listed small claims was held on December 2, 1993. Prior to the start of the hearing, I advised both parties that I knew the defendant and offered to recuse myself in this action. The plaintiff objected to this and wanted me to hear the case. The defendant had no objection thereto. In accordance with the Rules of the Chief Administrator of Courts governing judicial conduct (22 NYCRR 100.3 [d]), I heard the case.
The plaintiff testified that the defendant had joint custody of a 17-year-old daughter with the daughter’s natural mother, Penny Bullock. The plaintiff, Ms. Bullock and the daughter all lived in the same apartment complex. The defendant lived somewhere else. With the plaintiff’s permission, Ms. Bullock had used the plaintiff’s vehicle during a weekend and had returned the vehicle. Unfortunately, she failed to return the keys to the vehicle. The plaintiff used the vehicle on Monday utilizing a second set of keys. The plaintiff did not attempt to retrieve the keys from Ms. Bullock. The vehicle was missing on Tuesday. Apparently, the daughter had taken the plaintiff’s vehicle using the keys which had not been returned. The vehicle was still missing on Wednesday. Shortly thereafter, Ms. Bullock and her daughter came over to see the plaintiff and advised her that the daughter had taken the vehicle and that it had been vandalized. The State Police were called and the daughter was arrested. The plaintiff acknowledged that Ms. Bullock knew the car was missing, but did not contact the police immediately which may have prevented the vehicle from being vandalized. More importantly, Ms. Bullock went to pick her daughter up, but failed to retrieve the plaintiff’s vehicle which had not yet been vandalized.
The plaintiff instituted this action seeking one half of the damages to her vehicle on the basis that the defendant, who had joint custody of the daughter, was responsible for that portion of the damages.
The defendant was sworn and testified that Ms. Bullock has "primary residential custody” of the daughter. He believes that he is, therefore, not responsible for the damages in this case since he believes Ms. Bullock was negligent in failing to provide adequate supervision over the daughter. In addition, Ms. Bullock could have retrieved the vehicle prior to it being damaged. The defendant admitted that he does have joint custody over the daughter.
*1031 In a small claims action, the party bringing the action has the burden of proof. For the plaintiff to be successful in establishing liability, she must prove that the defendant had some form of legal obligation to supervise his daughter even though he did not have physical custody of her at the time of the incident. The plaintiff failed to submit any proof whatsoever in this regard. Section 3-112 of the General Obligations Law imposes a limited form of liability on parents for the malicious or destructive acts of certain minor children. The facts of this case do not fall within the protection afforded by that statute for two reasons. First, the defendant did not have physical custody of his daughter at the time she took the vehicle. It would be most unfair to impose liability pursuant to this statute on a parent in a situation in which the parent could not have done anything to have prevented the incident from taking place. Second, the daughter did not "maliciously or unlawfully” damage or destroy the vehicle in question.
Even if the court were to find that the defendant was liable for the damages in question, the plaintiff must prove the damages that she is seeking by either providing a paid bill or two itemized estimates. (See, UJCA 1804.) This information is also contained in the booklet entitled "Small Claims Guide For Town and Village Courts” which is provided all parties who file a small claims action. The plaintiff in this case failed to submit adequate documentation as to what the damages were. "Damages cannot be awarded on the basis of conjecture and guess work * * * No damages can be allowed except such as are shown by the proof to be, at least to a reasonable degree, certain.” (See, 36 NY Jur 2d, Damages, § 14.)
The purpose of a small claims action is to provide "substantial justice”. (See, UJCA 1804.) While it is unfortunate that the plaintiff’s vehicle was damaged, the defendant is not the proper party to be sued. This case is hereby dismissed.